IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC. | ) | Case No. 09-11525 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FB SERVICES LLC, | ) | Case No. 09-11526 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FB LEASING SERVICES LLC, | ) | Case No. 09-11527 (___) |
| | ) | |
| Debtor. | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING
## JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession herein (collectively, the "Debtors") hereby move the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. LR 1015-1, authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.  The Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the motion in this Court is proper under 28 U.S.C. § 1408.

2.  The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 1015(b), and Del. Bankr. L.R. 1015-1.

## Background

i.  On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 case.

3.  The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Mark Shulman, President of Filene's Basement, Inc., in Support of First Day Motions* (the "Shulman Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

## Relief Requested

4.  By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

5. The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC.,[1] | ) | Case No. 09-11525 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

6. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in Case No. 09-11525 should be consulted for all matters affecting this case. Filene's Basement, Inc. (Case No. 09-11525); FB Services LLC (Case No. 09-11526); and FB Leasing Services LLC (Case No. 09-11527) are jointly administered pursuant to the Joint Administration Order.

7. Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

## Basis for Relief

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are

pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. See Fed. R. Bankr. P. 1015(b).

9. Additionally, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. Joint administration of these chapter 11 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related, (b) will ease the administrative burden on the Court and the parties, and (c) protects creditors of different estates against potential conflicts of interest.

10. Joint administration of these cases is appropriate because each of the Debtors operate as part of a larger enterprise. The Debtors are under common ownership and common management; they have many creditors and other parties in interest in common. Jointly administering these related cases would prevent duplication of effort and unnecessary fees both on the part of the Debtors and on the part of the Trustee, any creditors' committee, and other parties in interest who would have to monitor only one docket. The Debtors submit that jointly administering their cases under these circumstances would be to the benefit of their estates and all parties in interest and would not prejudice any party. See, e.g., In re Westgate General P'ship, 55 B.R. 560, 561 (E.D. Pa. 1985) (five debtor partnerships were jointly administered because they had common general partners); Matter of BH & P, Inc., 119 B.R. 35, 38 (D.N.J. 1990) (permitting joint administration of the cases of a corporation and its president and 10% shareholder because "[a]lthough technically not 'affiliated' entities, as that term is defined in

section 101(2) of the Bankruptcy Code, the ... financial affairs [of the debtors] were closely related"). The Debtors believe that it is in the best interests of the Debtors, their estates, and all creditors, as well as the interests of judicial economy, if their chapter 11 cases are jointly administered for procedural purposes.

11. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With three affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

12. Joint administration will permit the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

13. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 5 of this Motion.

14. The Debtors submit that use of the simplified caption, without reference in the caption to the additional Debtor and its state of incorporation, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely

procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

## Notice

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee of unsecured creditors. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

Dated: May 4, 2009

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Michael R. Seidl (Bar No. 3889)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  ljones@pszjlaw.com
  dbertenthal@pszjlaw.com
  mseidl@pszjlaw.com
  jfried@pszjlaw.com
  tcairns@pszjlaw.com

[Proposed] Counsel to Debtors and Debtors in Possession