IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (___) |
| | ) | |
| DEBTORS. | ) | |

## DEBTORS' MOTION TO EMPLOY AND RETAIN ALAN COHEN AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS AND FOR AUTHORITY TO UTILIZE STAFFING PERSONNEL FROM ABACUS ADVISORS IN CONNECTION THEREWITH, NUNC PRO TUNC TO THE PETITION DATE

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this motion seeking approval of the employment and retention of Alan Cohen as Chief Restructuring Officer ("CRO") of the Debtors and authority to utilize staffing personnel from Abacus Advisors in connection therewith, *nunc pro tunc* to the petition date (the "Motion"). The facts supporting the relief requested are set forth in Alan Cohen's declaration in support of the Motion, attached hereto as <u>Exhibit A</u> (the "Cohen Declaration"). In further support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, as is venue pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

2. The statutory bases for the relief sought herein are 11 U.S.C. §§ 105(a) and 363.

## Background

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made and no official committees of creditors have been appointed or designated.

4. A description of the Debtors' business and the reasons for filing this chapter 11 case are set forth in the *Declaration of Mark Shulman, President of Filene's Basement, Inc., in Support of the First Day Pleadings* (the "First Day Declaration"), which was filed contemporaneously with this motion and is incorporated by reference.

## Relief Requested

5. Pursuant to section 363 of the Bankruptcy Code, the Debtors seek to employ and retain Alan Cohen as their CRO *nunc pro tunc* to the Petition Date on the terms set forth herein and in the engagement letter between the Shulman and Cohen dated March 28, 2009 (the "Engagement Letter"),[2] a copy of which is attached hereto as Exhibit B and incorporated by reference.

6. The Board of Directors of the Debtors (the "Board") will have direct supervision of the CRO.

---

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed in the Engagement Letter.

2

## Alan Cohen's Qualifications & Proposed Responsibilities as CRO

7. Cohen, who is chairman of the turnaround firm Abacus Advisors, is well-suited to provide the restructuring services required by the Debtors. Cohen has extensive experience assisting distressed organizations in a number of industries through financial and operational restructurings, crisis management, strategic and marketing plan implementation, reorganizations and chapter 11 filings. Specifically, he has been instrumental in a number of prominent restructurings, assuming various senior executive and advisory roles, including such cases as Kmart, Montgomery Ward, Bradley's, Footstar and County Seat Stores (as the chapter 11 trustee). In addition, he has served as a consultant and advisor to numerous Fortune 500 companies and many of the country's leading banks and financial institutions and has lectured extensively on restructuring and asset-based lending.

8. Based on these qualifications, the Debtors believe that Cohen is especially suited to provide the services set out in the Engagement Letter, including:

   a. Performing general due diligence on the Debtors, including gathering and analyzing data, evaluating the Debtors' existing financial forecasts and budgets, and discussing such information with management and the Board;

   b. Reviewing current liquidity needs and assisting in modifying and updating such forecast based upon current information, the CRO's observations, and other information as it becomes available, including evaluating existing forecasts, recommending and implementing improvements to the forecast process, and evaluating near-term liquidity needs;

   c. Assisting in structuring and obtaining additional working capital financing, identifying potential lenders, and contacting such lenders;

   d. Preparing a strategic evaluation of the Debtors and their business units and assisting them in developing business plans;

DOCS_DE:147242.6

e. Organizing the Debtors' resources and activities so as to effectively and efficiently plan, coordinate and manage the restructuring process and communicate with vendors, employees, lenders, landlords and other parties in interest;

f. Assisting with the development of evaluation materials for existing and potential lenders;

g. Assisting with the preparation and presentation of a formal restructuring proposal and taking a lead role in negotiating such proposal with lenders, creditors, and other parties in interest;

h. Assisting with asset sales and the identification of potential cost reductions and operation improvement opportunities;

i. Participating in the Board meetings as appropriate and providing periodic status reports to lenders and others with respect to the progress of the restructuring; and

j. Coordinating efforts of other professionals hired by the Debtors (*e.g.*, lawyers, financial advisors, accountants, investment bankers, etc.).

9. Also per the Engagement Letter, Abacus Advisors – experts in the field of corporate turnarounds – may provide staffing at various levels to assist the CRO with the Chapter 11 process.

10. As disclosed in the Cohen Declaration, in January of 2008, Retail Ventures Inc ("RVI"), the former parent of the Debtors, sold an 81% stake in Value City Department Stores LLC ("Value City") to VCHI Acquisition Co. ("VCHI"), and retained the remaining 19%. VCHI in turn is owned by a consortium of three investor entities, VCDS Acquisition Holdings, LLC, Crystal Value, LLC, and a fund controlled by Cohen called Emerald Capital Management, LLC, which holds an indirect 33.9% stake in Value City. In addition, Cohen is a member of Value City's Board, and in the past, Abacus Advisors supplied (but is not currently supplying) advisory services to Value City.

4

11. Prior to the filing of this Chapter 11 Case, Cohen was paid a retainer of $100,000. In addition, the Debtors have satisfied all prepetition obligations due Cohen for the months of March and April through the payment of his invoices, and Cohen does not have a prepetition claim against the Debtors or any of their affiliates.

12. Also prior to the Petition Date, Abacus Advisors was provided with a fully refundable retainer in the amount of $75,000 (the "Abacus Retainer") in contemplation of the staffing assistance that Abacus Advisors may provide. Fees incurred by Abacus Advisors' personnel will be credited against the Abacus Retainer. To the extent that the Debtors do not utilize the services of Abacus Advisors in the amount of the Abacus Retainer, any remaining amount of such retainer shall be refunded to the Debtor.

## Compensation Terms

13. For his service as CRO, Cohen will receive $50,000 each month during the term of the engagement. In addition:

   a. The CRO will file a fee application seeking approval of a success fee of $600,000 upon the completion of the Restructuring (as defined below) and will notice the Debtors, any official committee appointed in these proceedings and other parties requesting it of the same. "Restructuring" means any arrangement (contractual, non-contractual, pursuant to a plan of reorganization, pursuant to other bankruptcy or restructuring process, or otherwise) where all or a portion of the Debtors' existing debt, liabilities, obligations, stock ownership and/or capital structure are materially amended, restructured, changed or reconfigured on terms acceptable to the Debtors. The term "Restructuring" shall also mean a sale or other disposition of all or substantially all of the Debtors' assets; provided however, that any disposition by Retail Ventures, Inc. of the stock that it owns in the Debtors shall not be considered a "Restructuring" under this Agreement;

   b. The Debtors shall promptly reimburse the CRO for all of his reasonable out-of-pocket expenses incurred in connection with the his obligations under this Agreement, including fees of and

disbursements to the CRO's attorneys, plus any sales, use or similar taxes arising in connection with any matter referred to in this Agreement; and

c. In addition to the services provided by Alan Cohen, the engagement may also be staffed by professionals from Abacus Advisors possessing the requisite skills and experience necessary to accomplish the objectives of the engagement in an expeditious and effective manner. If the CRO and the Debtors determine to utilize the services of Abacus personnel, Abacus will receive fees based on the following rates:[3]

(1) Managing Directors: $600 per hour;

(2) Senior Associates: $500 per hour;

(3) Associates: $250 - $400 per hour; and

(4) Paraprofessionals: $100 - $150 per hour.

**Indemnification**

14. The Debtors request that they be permitted to indemnify the CRO to the same extent as the most favorable indemnification extended to the Debtors' officers or directors, whether under their bylaws, their certificate of incorporation, by contract or otherwise. If such permission is granted, the Debtors would use their reasonable best efforts to cover Cohen under their existing director and officer liability insurance policy and any other liability insurance policy. If such insurance is obtained, a Certificate of Insurance evidencing such coverage would be furnished to the CRO and the Debtors would give 30 days prior written notice to the CRO of cancellation, non-renewal, or material change in coverage, scope, or amount of such liability

---

[3] While Abacus Advisors will not be employed as a professional under section 327 of the Bankruptcy Code such that it would be subject to the compensation requirements of sections 330 and 331 of the Bankruptcy Code, if this Motion is granted, it will submit quarterly statements to the United States Trustee and any official committee appointed in this case for services rendered and expenses incurred as described above. The Debtors would be authorized to pay, in the ordinary course of its business, the invoiced fees and expenses on a rolling basis. Further, such parties would have the right to object to fees paid when quarterly reports of compensation earned are filed with the Court, provided that any such objection shall be filed within twenty (20) days after such report is filed.

6

policy. By contrast, notwithstanding any terms in the Engagement Letter to the contrary, the Debtors will not indemnify Abacus Advisors, its employees, affiliates or any non-officer working on its behalf.

### Conflict Resolution

15. Finally, notwithstanding anything in the Engagement Letter that could be read to the contrary, Cohen has agreed that the United States Bankruptcy Court for the District of Delaware (the "Court") may hear all disputes arising under this engagement.

### Authority for the Relief Requested

16. In making decisions in the ordinary course of business, including the retention of officers and other temporary employees, the debtor's conduct is to be permitted so long as the decision was made "on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Rscs., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) *(quoting Smith v. Van Gorkom*, 488 A2d 858, 872 (Del. 1985); *accord In re Johns-Manville Corp.*, 60 B.R. 612, 615 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

17. The Debtors submit that the employment of Alan Cohen as CRO pursuant to the terms of the Engagement Letter, and the possible use of some Abacus Advisors employees in conjunction therewith, would inure to the benefit their estates and creditors because of Cohen's experience with the Debtors prepetition and his general experience in restructuring matters. Indeed, the Debtors believe that these unique characteristics can be leveraged into an opportunity to secure beneficial advice in the most cost-sensitive manner. In addition, the

Debtors have determined that the compensation terms are within the range of those charged by CRO's and restructuring advisory firms of comparable size and reputation. Accordingly, the Debtors submit that their decision to enter into the Engagement Letter reflects sound business judgment.

18. Under the circumstances, this Court has routinely held that the business judgment test was satisfied, consequently permitted the retention of restructuring officers. *See In re Broadstripe, LLC*, Case No. 09-10006 (CSS) (Bankr. D. Del. Jan. 27, 2009); *In re WorldSpace, Inc.*, Case No. 08-12412(PJW) (Bankr. D. Del. October 17, 2008); *In re W. Nonwovens, Inc.*, Case No. 08-11435(PJW) (Bankr. D. Del. July 14, 2008); *In re Global Motorsport Group*, Case No. 08-10192(KJC) (Bankr. D. Del. January 31, 2008); *In re Mortgage Lenders Network USA, Inc.*, Case No. 07 -10146 (PJW) (Bankr. D. Del. February 28, 2007); *In re Global Home Prods.*, Case No. 06 -10340 (KG) (Bankr. D. Del. May 4, 2006); *In re Meridian Auto. Sys. - Composite Operations, Inc.*, Case No. 05-11168 (MFW) (Bankr. D. Del. July 19, 2005). For the reasons that such relief was appropriate in this case, the Debtors submit that it is appropriate here as well.

### Notice

19. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee of unsecured creditors. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty-five largest unsecured claims against the Debtors as identified in the Debtors' petition, or their legal counsel (if known); and (b) those persons who have requested

8

DOCS_DE:147242.6

notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

20. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein in all respects, and grant such other and further relief it deems just and proper.

Dated: May 4, 2009

_____
Mark Shulman
President and Chairman of the Board of Directors of Filene's Basement, Inc.; President and Manager of FB Services LLC; Manager of FB Leasing Services LLC