IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (___) |
| | ) | |
| Debtors. | ) | |

## APPLICATION OF THE DEBTORS TO EMPLOY AND RETAIN EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE, CLAIMS AND SOLICITATION AGENT TO THE DEBTORS AND DEBTORS IN POSSESSION

The debtors and debtors in possession in the above-captioned cases (the "Debtors"), hereby submit this application (this "Application") for an order approving the Debtors' agreement (the "Services Agreement") with Epiq Bankruptcy Solutions, LLC ("Epiq"), in the form of the agreement attached hereto as Exhibit A, pursuant to which Epiq would be employed as an official notice, claims and solicitation agent of the Court *nun pro tunc* to the Petition Date to: (i) perform certain noticing functions; (ii) assist the Debtors in analyzing and reconciling proofs of claim filed against the Debtors' estates; and (iii) assist the Debtors in balloting in connection with any proposed chapter 11 plan. In support of this Application, the Debtors submit the *Declaration of Daniel C. McElhinney In Support of the Application of the Debtors to Employ and Retain Epiq Bankruptcy Solutions, LLC as Notice, Claims, and Solicitation*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtors. | ) | |

## APPLICATION OF THE DEBTORS TO EMPLOY AND RETAIN EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE, CLAIMS AND SOLICITATION AGENT TO THE DEBTORS AND DEBTORS IN POSSESSION

The debtors and debtors in possession in the above-captioned cases (the "Debtors"), hereby submit this application (this "Application") for an order approving the Debtors' agreement (the "Services Agreement") with Epiq Bankruptcy Solutions, LLC ("Epiq"), in the form of the agreement attached hereto as Exhibit A, pursuant to which Epiq would be employed as an official notice, claims and solicitation agent of the Court *nun pro tunc* to the Petition Date to: (i) perform certain noticing functions; (ii) assist the Debtors in analyzing and reconciling proofs of claim filed against the Debtors' estates; and (iii) assist the Debtors in balloting in connection with any proposed chapter 11 plan. In support of this Application, the Debtors submit the *Declaration of Daniel C. McElhinney In Support of the Application of the Debtors to Employ and Retain Epiq Bankruptcy Solutions, LLC as Notice, Claims, and Solicitation*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

*Agent to the Debtors and Debtors in Possession* (the "McElhinney Declaration"), a copy of which is attached hereto as Exhibit B, and respectfully represents and sets forth as follows:

## Jurisdiction, Venue & Governing Law

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and venue pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are 28 U.S.C. § 156(c), 11 U.S.C. §§ 363 and 503(b)(1)(A), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules").

## Background

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as a debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

4. A description of the Debtors' businesses and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Mark Shulman, President of Filene's Basement, Inc., in Support of the First Day Pleadings* (the "First Day Declaration"), which was filed contemporaneously with this motion and is incorporated herein by reference.

## Relief Requested

5. By this Application, the Debtors seek the authority to employ and retain Epiq to act as noticing, claims and solicitation agent (the "Claims Agent") in these chapter 11 cases *nun pro tunc* to the Petition Date.

## Basis For Relief

6. Pursuant to 28 U.S.C. § 156(c),[2] the Court is authorized to utilize facilities other than the Office of the Clerk of the Bankruptcy Court (the "Clerk") for the administration of bankruptcy cases, including such matters as giving notice of hearings and orders filed in these chapter 11 cases, the meeting of creditors pursuant to section 341 of the Bankruptcy Code, claims bar dates, and providing record keeping and claims docketing assistance.

7. In addition, Local Rule 2002-1(f) requires a debtor to file an application to retain a notice and/or claims clerk within 10 days of the Petition Date in all cases with more than 200 creditors. The Debtors believe that the number of creditors in these cases will exceed that number. Thus, pursuant to Local Rule 2002-1(f) and for the reasons set forth below, the Debtors believe that it is necessary and in the best interests of their creditors and estates to engage Epiq to act as their Claims Agent in order to assume full responsibility for, among other things, the distribution of notices and proof of claim forms and the maintenance, secondary processing, and docketing of all proofs of claim filed in these Debtors' chapter 11 cases. In addition, in connection

---

[2] 28 U.S.C. § 156(c) provides, in relevant part, that "[a]ny court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of the Bankruptcy Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States."

with any plan proposed by the Debtors, the Debtors have determined that it likely will require the services of Epiq to act as Claims Agent with respect to, *inter alia*, the mailing of the Debtors' disclosure statement, the plan and ballots, and maintaining and tallying ballots in connection with the voting on such plan.

8. Although the Debtors have not yet filed their schedules of assets and liabilities (the "Schedules"), they anticipate that there will be several hundred potential creditors and parties in interest that the Debtors will be required to serve with the various notices, pleadings, and other documents filed in these chapter 11 cases. In consideration of the number of anticipated claimants and other parties in interest and the nature of the Debtors' business, the Debtors respectfully submit that the appointment of Epiq will expedite the distribution of notices and relieve the Clerk's office of the administrative burden of processing such notices. Accordingly, the Debtors' estates and creditors will benefit as a result of Epiq's experience and cost-effective methods.

9. The actions and procedures Epiq will undertake, as Claims Agent, are set forth in the Services Agreement, the form of which is attached hereto as <u>Exhibit A</u>, and include, without limitation, the following:

    a.    Notifying all potential creditors of the filing of these chapter 11 cases and of the setting of the first meeting of creditors, pursuant to section 341(a) of the Bankruptcy Code;

    b.    Filing affidavits of service for all mailings, including a copy of each notice, a list of persons to whom such notice was mailed, and the date mailed;

    c.    Maintaining an official copy of the Schedules listing creditors and amounts owed;

d.  On the Debtors' request, furnishing a notice of the last date for the filing of proofs of claim and a form for filing a proof of claim to creditors and parties in interest;

e.  Docketing all claims filed and maintaining the official claims register on behalf of the Clerk and providing to the Clerk an exact duplicate thereof;

f.  Specifying in the claims register for each claim docket (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant, (iv) the filed amount of the claim, if liquidated, and (v) the allowed amount of the claim;

g.  Recording all transfers of claims and providing notices of the transfer as required pursuant to Bankruptcy Rule 3001(e);

h.  Maintaining the official mailing list for all entities who have filed proofs of claim;

i.  On the Debtors' request, mailing notice of any auction sale hearing;

j.  On the Debtors' request, mailing the Debtors' disclosure statement, plan, ballots and any other related solicitation materials to holders of impaired claims and equity interests;

k.  On the Debtors' request, receiving and tallying ballots and responding to inquiries respecting voting procedures and the solicitation of votes on the plan; and

l.  On the Debtors' request, providing any other administrative and distribution services set forth in the Services Agreement as are necessary or required, and any other miscellaneous notices to any entities, as the Debtors or the Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases.

10. Epiq is one of the country's leading chapter 11 administrators with experience in noticing, claims processing, and assisting with claims reconciliation and distribution. The large chapter 11 cases in which Epiq is or was retained as notice, claims, and/or balloting agent to debtors in this and other judicial districts, include: *ManagedStorage International, Inc.* Case No. 09-10368 (Bankr. D. Del. Feb. 6, 2009); *DHP Holdings II Corp.*,

Case No. 08-13422(MFW) (Bankr. D. Del. Jan. 5, 2009); *AFY Holding Co., et al.*, Case No. 08-12175 (Bankr. D. Del. Sept. 23, 2008); *WCI Communities, Inc., et al.*, Case No. 08-11643 (Bankr. D. Del. Aug. 4, 2008); *Ascendia Brands, Inc., et al.*, Case No. 08-11787 (Bankr. D. Del. Aug. 5, 2008); *In re Wickes Holdings, LLC*, Case No. 08-10212 (Bankr. D. Del. Feb. 5. 2008); *Buffets Holdings, Inc., et al.*, Case No. 08-10141 (Bankr. D. Del. Jan. 22, 2008); *Aegis Mortgage Corp., et al.*, Case No. 07-11119 (Bankr. D. Del. Aug 13. 2007); *American Home Mortgage Holdings, Inc., et al.*, Case No. 07-11047 (Bankr. D. Del. Aug. 6, 2007); *In re Amp'd Mobile, Inc.*, Case No. 07-10739 (Bankr. D. Del. June 29, 2007); *In re Advanced Marketing Services, Inc.*, Case No. 06-11480 (Bankr. D. Del. Jan. 3, 2007); *In re Premium Papers Holdco, LLC*, Case No. 06-10269 (Bankr. D. Del. Mar. 23, 2006); *In re Birch Telecom, Inc., et al.*, Case No. 05-12237 (Bankr. D. Del. Aug. 16, 2005); as well as *Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008); *Stone Barn Manhattan LLC, f/k/a Steve & Barry's Manhattan LLC, et al.*, Case No. 08-12579 (Bankr. S.D.N.Y. July 9, 2008); *In re Global Crossing Ltd., et al.*, No 02-40188 (Bankr. S.D.N.Y. Jan. 29, 2002); *In re Worldcom, Inc., et al.*, No. 02-13533 (Bankr. S.D.N.Y. July 25, 2002); and *In re Enron Corp., et al.*, No. 01-16034 (Bankr. S.D.N.Y. Jan 30, 2002), among others. Accordingly, Epiq is well qualified to provide the Debtors with experienced noticing, claims and balloting services in connection with these cases.

  11. Although the Debtors do not propose to retain Epiq under section 327 of the Bankruptcy Code, the McElhinney Declaration represents that Epiq does not, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any

interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged. Based upon the McElhinney Declaration, Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12. Epiq's compensation is set forth in the Services Agreement. The Debtors respectfully submit that the compensation provided for in the Services Agreement is reasonable in light of the services to be performed by Epiq as Claims Agent. Furthermore, the Debtors request authorization to compensate Epiq for the reasonable fees and expenses incurred in connection with services rendered upon the submission of invoices by Epiq summarizing in reasonable detail the services for which compensation is sought without further order of the Court. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the Debtors hereby request that the fees to be charged by the Claims Agent, together with its necessary and actual expenses, be allowed as administrative expenses of the Debtors' estates.

13. In the 90 days prior to the Petition Date, Epiq was paid a retainer (the "Retainer") in the amount of $50,000.00. There are no amounts owed to Epiq as of the Petition Date. Epiq is currently holding the balance of the Retainer, which will be applied immediately in satisfaction of obligations incurred in connection with postpetition services rendered by Epiq pursuant to the Agreement. The Debtors' funds were the source of the Retainer.

14. Epiq understands that the indemnification provision of Paragraph 7.4 of the Services Agreement is qualified as follows, as provided in the Order on this Application:

> a. Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services

other than those described in the Services Agreement, unless such services and indemnification therefore are approved by the Court;

b.  The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by the Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

## Notice

15. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee of

unsecured creditors. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16. The Debtors have not previously sought the relief requested herein from this Court or any other court.

WHEREFORE, the Debtors request that this Court enter an order: (i) authorizing the retention of Epiq as the Claims Agent to the Debtors upon the terms and conditions set forth in the Services Agreement *nun pro tunc* to the Petition Date; and (ii) grants such further relief as it deems just and proper.

Dated: May 4, 2009

_____
Mark Shulman

President and Chairman of the Board of Directors of Filene's Basement, Inc.; President and Manager of FB Services LLC; Manager of FB Leasing Services LLC