IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (\_\_) |
| | ) | |
| Debtors. | ) | |

## MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (the "Debtors") move the Court for entry of an order authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Burlington, MA 01803.

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced this case by each filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or committee has been appointed in the Chapter 11 Cases.

6. The factual background relating to the Debtors' commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Mark Shulman, President of Filene's Basement, Inc., in Support of First Day Motions* (the "Shulman Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

## The Debtors' Ordinary Course Professionals

7. The Debtors customarily retain the services of various attorneys, accountants, consultants, and other professionals to represent them in matters arising in the ordinary course of their business, unrelated to the Chapter 11 Cases (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"). A list of the Ordinary

2

Course Professionals expected to be used by the Debtors after the Petition Date is attached hereto as Exhibit A.[2]

8. In contrast, the Debtors have filed (or will file) individual retention applications for any professionals that the Debtors seek to employ in connection with the conduct of these Chapter 11 Cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court and in accordance with the terms of the orders approving each Chapter 11 Professional's employment.

9. The Ordinary Course Professionals will not be involved in the administration of the Chapter 11 Cases. Rather, they will provide services in connection with the Debtors' ongoing business operations or services ordinarily provided by in-house counsel to a corporation. As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court.[3] Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of the Chapter 11 Cases.

---

[2] As discussed more fully below, the Debtors reserve the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.

[3] *See, e.g., In re That's Entertainment Mkt'g Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

10. The Debtors anticipate employing, among others, the Ordinary Course Professionals listed on <u>Exhibit A</u> to perform ongoing services during the pendency of the Chapter 11 Cases.

### **Relief Requested**

11. By the Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors seek entry of an order by this Court (a) authorizing them to retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (b) establishing procedures to compensate the Ordinary Course Professionals under sections 328, 330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

### **Basis for Relief**

12. The Debtors require the services of the Ordinary Course Professionals listed on <u>Exhibit A</u> in order to continue to operate their business as debtors in possession. The work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estates, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value.

13. The operation of the Debtors' business would be severely hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors while the Debtors (i) submitted to this Court an application, declaration, and proposed retention order for each Ordinary Course Professional; (ii) waited until such order was approved before such Ordinary Course Professional continued to render services; and (iii) withheld payment of

4

the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.

14. Further, the Ordinary Course Professionals generally are unfamiliar with the fee application procedures employed in bankruptcy cases. Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burdens of such procedures and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtors' continuing operations and the ultimate success of the Chapter 11 Cases. More important, the cost of preparing and prosecuting the retention applications and fee applications would be significant, and such costs would be borne by the Debtors' estates.

15. Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court, and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of the Chapter 11 Cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate such a burden.

16. Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors,

5

00001-002\DOCS_DE:146769.7

their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

## **Proposed Retention Procedure**

17. The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Bankruptcy Rule 2014 and in order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attention: Laura Davis Jones, Esq.; (ii) Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attention Jane Leamy, Esq.; (iii) counsel to any Official Committee of Unsecured Creditors appointed in these cases (subsequent to its appointment in these cases); and (iv) counsel to the debtors' secured lenders (collectively, the "Notice Parties"), a disclosure declaration of such proposed professional (the "Declaration"), a proposed form of which is attached as <u>Exhibit B</u> hereto, on the later of: (i) thirty days after entry of an order of this Court granting the Motion; or (ii) prior to the date such Ordinary Course Professional provides any services to the Debtors. Such Declaration shall set forth the following information: (a) to the best of the Ordinary Course Professional's knowledge, a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of

6

services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such a Declaration.

18. The Debtors further request that time within which the Notice Parties have from the date of the filing and service of the Declaration (the "Objection Period") to object to the retention of the Ordinary Course Professional in question be fixed at ten days. Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional, the Debtors, and the Notice Parties. If an objection is filed and cannot be resolved and/or withdrawn within twenty days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time.[4] If no timely objection is filed and received, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

19. The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals, not currently listed on <u>Exhibit A</u> hereto, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to <u>Exhibit A</u> (a "Supplemental

---

[4] If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on <u>Exhibit A</u>, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties a Declaration on the later of: (a) thirty days after the Supplemental Notice is filed; or (b) prior to the date such Ordinary Course Professional provides any services to the Debtors. The Notice Parties then would be given ten days after service of each required Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or the objection is withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

## Proposed Payment Procedure

20. The Debtors seek authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; <u>provided, however,</u> that such interim fees and expenses do not exceed the maximum authority under the authorized caps established herein and set forth below. Further, the Debtors will not pay any fees and expenses to an Ordinary Course Professional unless (i) the professional has filed its Declaration, (ii) the Objection Period has expired, and (iii) no timely objection is pending. If a timely objection is received, no payment will be made until such objection is (a) resolved and withdrawn, or (b) otherwise approved by the Court.

Further provided, however, that the payment of any such obligations or payments pursuant to this Motion shall be in accordance with the terms and limitations imposed by any interim or final order authorizing the Debtors to incur postpetition financing and/or authorizing the use of the cash collateral of its pre- or postpetition lenders, as well as any limitations that may be imposed pursuant to any budget approved by any such interim or final orders.

A.  **Monthly Payment Caps Proposed by the Debtors.**

21.  The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (a) $30,000 per month per Ordinary Course Professional on a "rolling basis," such that an Ordinary Course Professional whose fees and disbursements are less than $30,000 in any month may be paid in subsequent months a total of $30,000 plus the difference between $30,000 and the amount billed in prior months; or (b) $100,000 per month, in the aggregate, for all Ordinary Course Professionals.

22.  If in any given month the fees and expenses for any Ordinary Course Professional exceeds $30,000 on a rolling basis as described above, such Ordinary Course Professional shall be required to apply for approval by the Court of all such Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code; provided, however, that such Ordinary Course Professional shall be entitled to an interim

9

payment of up to $30,000 on a rolling basis as a credit against the invoices for such month ultimately allowed by the Court.

23. As a routine matter, the Debtors regularly review all billing statements received from the Ordinary Course Professionals to ensure that the fees and expenses charged are reasonable. This type of review will continue postpetition and, coupled with the proposed monthly payment caps, will protect the Debtors' estates against excessive and improper billings.

B. **The Debtors Propose to File Periodic Statements of Payments Made.**

24. The Debtors further propose to file a payment summary statement with this Court not more than thirty days after the last day of March, June, September, and December of each year the Chapter 11 Cases are pending, or such other period as this Court directs, and to serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

### Authority for the Requested Relief

25. Numerous courts, including courts in this district, have routinely granted the same or similar relief to Chapter 11 debtors in other Chapter 11 cases. *See, e.g. In re eToys Direct 1, LLC,* Case No. 08-13412 (BLS) (Bankr. D. Del. Feb. 2, 2009); *In re Western Nonwovens, Inc.*, Case No. 08-11435 (PJW) (Bankr. D. Del. Aug 4, 2008); *In re Global Motorsport Group, Inc, et al.,* Case No. 08-10192 (KJC) (Bankr. D. Del. Feb. 29, 2008); *In re*

10

00001-002\DOCS_DE:146769.7

*Aegis Mortgage Corporation*, Case No. 07-11119 (BLS) (Bankr. D. Del. Aug. 13, 2007); *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (PJW) (Bankr. D. Del. Feb. 5, 2007); *In re Global Home Products LLC, et al.*, Case No. 06-10340 (KG) (Bankr. D. Del. Apr. 10, 2006).

26. The Debtors and their estates will be well served by authorizing the retention of the Ordinary Course Professionals because of such professionals' past relationship with, and understanding of, the Debtors and their operations. It is in the best interest of all of the parties and the creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' business.

## Notice

27. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee of unsecured creditors. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty-five largest unsecured claims against the Debtors as identified in the Debtors' petition, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

28.  No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: May 4, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Michael R. Seidl (Bar No. 3889)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  ljones@pszjlaw.com
  dbertenthal@pszjlaw.com
  mseidl@pszjlaw.com
  jfried@pszjlaw.com
  tcairns@pszjlaw.com

[Proposed] Counsel to Debtors and Debtors in Possession