IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (___) |
| | ) | |
| Debtors. | ) | |

**MOTION OF THE DEBTORS FOR AN ORDER PROVIDING THAT CREDITORS' COMMITTEES ARE NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION TO CREDITORS**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion") for entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing that any creditors' committee appointed under section 1102(a) of the Bankruptcy Code in these cases (the "Creditors' Committee") is not authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to the Debtors' confidential and other non-public proprietary information, or to privileged information, to the creditors it represents. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction & Governing Law**

1.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334; as is venue

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

pursuant to 28 U.S.C. §§ 1408-09. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 105(a).

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 the Bankruptcy Code.

4. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating these filings, is set forth in detail in the Declaration of *Mark Shulman, President of Filene's Basement, Inc., in Support of Debtors' First Day Motions* (the "Shulman Declaration"), filed concurrently herewith and fully incorporated herein by reference.

5. The Debtors have continued in possession of their property and to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

## Relief Requested

6. By this Motion, the Debtors seek entry of an order of the Court confirming that section 1102(b)(3)(A) does not authorize or require the Creditors' Committee to provide access to the Privileged or Confidential Information (as defined below) to any creditor that a Committee represents. The relief requested herein will help ensure that confidential, privileged, proprietary and/or material non-public information will not get disseminated to the detriment of

2

the Debtors' estates, relief that will in turn aid any given Creditors' Committee in performing its statutory function.

## Basis for Relief

7.  On April 20, 2005, as part of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Congress enacted new section 1102(b)(3) of the Bankruptcy Code. That section states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). New section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information," to the creditors it represents nor does the associated legislative history provide any guidance.

8.  The lack of specificity in new section 1102(b)(3)(A) has created significant issues for debtors and creditors' committees. Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[2] The committees then use this information to assess, among other

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which are furnished, disclosed, or made known to the Creditors' Committee, whether intentionally or unintentionally and in any manner, including written form, orally, or through any electronic, facsimile or computer-assisted communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to a Creditors' Committee that the Debtors, their advisors, or its other agents indicate should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Creditors' Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (ii) was in the possession of the

things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization under a chapter 11 plan. In addition, creditors' committees typically execute confidentiality agreements or similar arrangements with debtor to ensure that the committee's members do not use Confidential Information except in connection with these chapter 11 cases, and on terms acceptable to the debtor. The enactment of new section 1102(b)(3)(A) raises the issue of whether a creditors' committee could be required to share a debtor's Confidential Information with any creditor that the committee represents notwithstanding any confidentiality agreement between the committee and the debtor.

9. In these cases, absent appropriate protections, the Debtors might be unwilling to share Confidential Information with a Creditors' Committee, impeding that Committee's ability to function effectively and impairing that Committee's working relationship with the Debtors; it may also preclude access to the frank legal advice necessary to effectuate the reorganization. Given the importance of the issue, the Debtors seek an order of the Court confirming that section 1102(b)(3)(A) does not authorize or require the Creditors' Committee(s) in these cases to provide access to the Debtors' Confidential Information to any creditor that a Creditors' Committee represents.

10. That section 1102(b)(3)(A) could be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege

---

Creditors' Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

4

for that matter) to the creditors that a Committee represents also raises the issue of whether a Creditors' Committee could be required to disclose the Debtors' or its own privileged information (collectively, "Privileged Information"). Given the importance of the issue, the Debtors seek clarification that a Creditors' Committee is not authorized or required to provide access to Privileged Information to any creditor that a Committee represents. Of course, a Creditors' Committee would be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by a Creditors' Committee.

11. In sum, the Debtors respectfully submit that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a committee "to provide access to information," without offering any guidance as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements. <u>See</u> 17 C.F.R. §§ 243.100 to 243.103 (2005). This, the Debtors submit is not the proper reading.

12. Instead, given the ability to rapidly disseminate information online or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a
5

bankruptcy case. Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor. If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code.

13. That the Debtors' is the correct interpretation is suggested by section 107(b)(1) of the Bankruptcy Code, which provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). That any interpretation of 1102(b)(3) must be in keeping with the mandatory provisions of Section 107(b)(1 is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estates or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Debtors' Confidential Information and all Privileged Information from disclosure to general creditors.

14. Accordingly, Courts in this District and elsewhere confronting this issue have entered orders providing that creditors' committees are not authorized or required to provide access to Confidential or Privileged information. *In re Radnor Holdings Corp.*, Case No. 06-10894 (RJW) (D. Del. September 21, 2006); *In re Copelands' Enterprises, Inc.*, Case No. 06-10853 (MFW) (D. Del;. September 7, 2006); *In re Werner Holding Co. (DE), Inc., et al.*,

Case No. 06-10578 (KJC) (D. Del August 8, 2006). *See In re Global Home Prods, LLC et al.*, Case No. 06-10340 (KG) (Bankr. D. Del. May 5, 2006) (providing that creditors' committee is not authorized or required to provide access to confidential or privileged information).

15. Such an order is appropriate in these cases because the Debtors are in a very competitive industry. If the Debtors' general creditors or competitors buying claims could require any Creditors' Committee that may be appointed to turnover Confidential Information in the possession of the committee, such information could easily become public immediately thereafter. This would result in competitors gaining access to the Debtors' business strategies and intended initiatives, thereby allowing them to adjust to the Debtors' plans, which would reduce – if not altogether eliminate – the value of such initiatives to the estates, and thus diminish the value of the estates to all creditors. Other Confidential Information of the Debtors, like compensation levels, is of a sensitive nature. Disclosure of such information could jeopardize employee morale and lead to sanctions under federal and state privacy laws. In sum, the dissemination of the Debtors' Confidential Information to parties who are not bound by any confidentiality agreement could be disastrous.

16. Accordingly, the relief sought by the Debtors' is not only for their benefit but for the benefit of all Committees as well. The Creditors Committee(s) will also benefit from the relief sought in this Motion insofar as it will ensure that the Committee(s) do not breach the confidentiality agreements executed with the Debtors or corresponding covenants enacted in a given Committee's bylaws. Indeed, unless it is made clear that there is no risk that Privileged Information will be disseminated to creditors, the representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional. Therefore, pursuant to section

7

105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estates, the Debtors respectfully request that the relief herein be granted.

17. That relief would be an order stating a Committee and its individual members and respective representatives, advisors and counsel shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing certain procedures (the "Procedures") which may include the following (a) establishing a website (the "Website") to make certain information available to creditors, (b) making available on the Website information regarding the Debtors' cases, including: (i) the Petition Date, (ii) the case numbers, (iii) the contact information for the Debtors (and any information hotlines that it establishes), the Debtors' counsel, and a Creditors' Committee's counsel, (iv) the voting deadline with respect to any plan filed in these cases, (v) access to the claims docket as and when established by the Debtors or any claims and noticing agent retained in these cases, (vi) a general overview of the chapter 11 process, (vii) press releases (if any) issued by a Creditors' Committee or by the Debtors, (viii) links to other relevant websites (*e.g.* the Debtors' corporate website, the Bankruptcy Court website and the website of the Office of the United States Trustee), and (ix) any other information that a Creditors' Committee or its counsel, in its sole discretion, deems appropriate subject to the restrictions and limitations herein as well as any restrictions imposed by an agreement entered into by a Committee or by any bylaw a Committee adopts;
(c) establishing an email address to allow unsecured creditors to send questions and comments in connection with these cases; and (d) authorizing a Creditors' Committee and its counsel, in their reasonable discretion, to review and/or respond to the email correspondence.

8

## Notice

18.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee of unsecured creditors. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty-five largest unsecured claims against the Debtors on a consolidated basis as identified in the Debtors' petitions, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: May 4, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Michael R. Seidl (Bar No. 3889)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       mseidl@pszjlaw.com
       jfried@pszjlaw.com
       tcairns@pszjlaw.com

[Proposed] Counsel to Debtors and Debtors in Possession

10

28970-001\DOCS_DE:146748.2