IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (___) |
| | ) | |
| Debtors. | ) | |

## DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION PURSUANT TO SECTION 331 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for entry of an administrative order ("Administrative Order") establishing procedures for monthly compensation and reimbursement of expenses (collectively, the "Compensation") for professionals retained in these chapter 11 cases (each a "Professional").

### Jurisdiction, Venue and Governing Law

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157, as is venue pursuant to 28 U.S.C. §§ 1408 and 1409 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a), 331 and 363 and 507(a) of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

28189-001\DOCS_DE:146723.2

## Background

3.  On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 the Bankruptcy Code.

4.  The factual background regarding the Debtors, including their current and historical business operations and the events precipitating these filings, is set forth in detail in the Declaration of *Mark Shulman, President of Filene's Basement, Inc., in Support of Debtors' First Day Motions* (the "Shulman Declaration"), filed concurrently herewith and fully incorporated herein by reference.

5.  The Debtors have continued in possession of their property and to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

## Relief Requested

6.  The Debtors are contemporaneously filing an application to retain Pachulski Stang Ziehl & Jones LLP, Abacus Advisors and PricewaterhouseCoopers, and will likely employ other Professionals in the course of these proceedings. With the likely involvement of Professionals on behalf of the statutory committee of unsecured creditors, the Professional fee application and review process could be burdensome on the Debtors, the Professionals, and the Court. Implementation of compensation procedures (the "Compensation Procedures") will provide an efficient structure for disbursing compensation to the Professionals

and will allow all parties to these cases to monitor the monthly accrual of compensation for each Professional.

7. Except as otherwise provided in an order entered by the Court authorizing the retention of a particular Professional, the Debtors propose that pursuant to section 331 of the Bankruptcy Code, the Court permit the Professionals to seek monthly payment of compensation in accordance with the following Compensation Procedures:

   a. On or about the 25th day of each calendar month, beginning with June 2009, each Professional seeking interim compensation shall file an application (the "Monthly Fee Application") with the Court pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esquire; (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, Room 2207, 844 North King Street, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq.; and (iii) counsel for any official committee appointed in these cases (collectively, the "Notice Parties"). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Third Circuit law, and the Local Rules of this Court.

   b. Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the fee applicant or the Debtors shall file a certificate of no objection with the Court after which the Debtors shall be authorized to pay each such Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment") and (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (c), below. The first such Monthly Fee Application shall cover the period from the Petition Date through May 31, 2009.

c.  If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d.  Beginning with the period ending July 31, 2009, at three-month intervals, each of the Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to Bankruptcy Code section 331, of the compensation and reimbursements of expenses sought in the Monthly Fee Applications filed during such three-month period (the "Interim Fee Period"). The Interim Fee Application Request must identify the Monthly Fee Applications that are the subject of the Request and any other information requested by the Court or required by the local rules. The Interim Fee Application Requests shall be filed with the Court and served on the Notice Parties within 45 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application Request on or before September 14, 2009 and the first Interim Fee Application Request should cover the Interim Fee Period from the Petition Date through July 31, 2009.

e.  The Debtors shall request a hearing on the pending Interim Fee Applications at least every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate.

f.  The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from

the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

g. Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals pursuant to this order or any other are subject to disgorgement until such expenses are finally allowed by the Court.

8. The Debtors further request that (i) only the Notice Parties be entitled to receive the Monthly Fee Applications, the Interim Fee Application Requests and the notice of hearing thereon (the "Hearing Notice") and (ii) all other parties who have filed a notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure be entitled to receive only the Hearing Notice.[2] Such notice should reach the parties most active in these cases while eliminating the expense associated with mass duplication and mailing of these lengthy fee applications.

9. The Debtors further request that each member of any committee appointed in these cases (once appointed) be permitted to submit statements of expenses (excluding fees and expenses of the committee member's counsel) and supporting documentation to counsel for the committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

---

[2] If any party receiving only a Hearing Notice requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense.

10. The Debtors will include all payments made to Professionals in accordance with the compensation procedures in their monthly operating reports identifying the amount paid to each of the Professionals.

11. The procedures requested in this Motion will relieve the burden on the Court imposed by alternative interim compensation procedures that require monthly court orders, while preserving all rights of objection, enabling the parties to closely monitor costs of administration, and permitting the Professionals to maintain a level cash flow.

### Basis for Relief

12. Pursuant to Bankruptcy Code section 331, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often, if the Court permits.

13. Specifically, section 331 of the Bankruptcy Code provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

14. Bankruptcy Code section 105(a) provides, in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to
28189-001\DOCS_DE:146723.2         6

enforce or implement court orders or rules.

11 U.S.C. § 105(a).

15. Procedures for compensating and reimbursing court-approved Professionals have been established in other large chapter 11 cases in this and other districts. *See e.g., In re Monaco Coach Corp.*, Case No. 09-10750(KJC) (Bankr. D. Del. April 7, 2009); *In re Progressive Molded Prods. Inc.*, Case No. 08-11253 (KJC) (Bankr. D. Del. June 20, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 5, 2008); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Feb. 19, 2008); *In re Lillian Vernon Corp.*, Case No. 08-10323 (BLS) (Bankr. D. Del. Feb. 20, 2008); *In re Buffets Holding, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Jan. 22, 2008); *Global Motorsport Group, Inc.*, Case No. 08-10192 (KSJ) (Bankr. D. Del. 2008), *The SCO Group, Inc.*, Case No. 07-11337 (KG) (Bankr. D. Del 2007); *In re Aegis Mortgage Corp.*, Case No. 07-11119 (BLS) (Bankr. D. Del 2007); *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (PJW) (Bankr. D. Del. 2007). The Compensation Procedures requested in this Motion will reduce the burden imposed on the Court, enable parties in interest to monitor the Professional's fees and costs in these cases more closely, and diminish undue financial burdens on the Professionals. Accordingly, the Debtors submit that approving the Compensation Procedures is in the best interests of their estates, creditors, and other parties-in-interest.

## Notice

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee

of unsecured creditors. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty-five largest unsecured claims against the Debtors on a consolidated basis as identified in the Debtors' petitions, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No previous motion for the relief sought herein has been made to this or any other Court.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtors respectfully requests that this Court enter an order, substantially in the form filed herewith, granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

Dated: May 4, 2009

                                              PACHULSKI STANG ZIEHL & JONES LLP

                                              /s/ Laura Davis Jones
                                              Laura Davis Jones (Bar No. 2436)
                                              David M. Bertenthal (CA Bar No. 167624)
                                              Michael R. Seidl (Bar No. 3889)
                                              Joshua M. Fried (CA Bar No. 181541)
                                              Timothy P. Cairns (DE Bar No. 4228)
                                              919 North Market Street, 17th Floor
                                              Wilmington, Delaware 19801
                                              Telephone: (302) 652-4100
                                              Facsimile: (302) 652-4400
                                              E-mail:      ljones@pszjlaw.com
                                                                 dbertenthal@pszjlaw.com
                                                                 mseidl@pszjlaw.com
                                                                 jfried@pszjlaw.com
                                                                 tcairns@pszjlaw.com

                                              [Proposed] Counsel to Debtors and
                                              Debtors in Possession