IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (___) |
| | ) | |
| Debtors. | ) | |

**APPLICATION PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby seek entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtors *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Affidavit of Laura Davis Jones in Support of the Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Suite 400, Burlington, MA 01803.

*Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Jones Affidavit"), which are being submitted concurrently with the Application. In support of this Application, the Debtors respectfully state the following:

## Jurisdiction

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, as is venue pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been and no committees have been appointed or designated.

4. A description of the Debtors' businesses and the reasons for filing these chapter 11 cases are set forth in the *Declaration of Mark Shulman, President of Filene's Basement, Inc., in Support of the First Day Pleadings* (the "First Day Declaration"), which was filed contemporaneously with this motion and is incorporated by reference.

## Relief Requested

5. By this Application, the Debtors seek to employ and retain PSZ&J as their restructuring counsel with regard to the filing and prosecution of these chapter 11 cases and all related proceedings. Accordingly, the Debtors respectfully request that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases pursuant to the terms set forth in the Application and the Jones Affidavit *nunc pro tunc* to the Petition Date.

6. The Debtors seek to retain PSZ&J as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. In preparing for their representation of the Debtors in these cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases.

7. The professional services that PSZ&J will provide include, but shall not be limited to:

    a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses and management of their property;

    b. preparing on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

    c. appearing in Court on behalf of the Debtors;

    d. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

e. performing other legal services for the Debtors that may be necessary and proper in these proceedings.

8. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Laura Davis Jones | $795.00 |
| b. | David M. Bertenthal | $645.00 |
| c. | Joshua M. Fried | $535.00 |
| d. | James E. O'Neill | $535.00 |
| e. | Michael R. Seidl | $495.00 |
| f. | Timothy P. Cairns | $395.00 |
| g. | Mark M. Billion | $325.00 |
| h. | Monica Molitor | $225.00 |
| i. | Lynzy Oberholzer | $210.00 |

9. Other attorneys and paralegals may serve the Debtors in connection with the matters described herein from time to time.

10. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases. These expenses include, among other things, conference call charges, mail and

express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11. To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Affidavit submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

12. To the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

13. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $551,039.00 including the Debtors' aggregate filing fees for these cases, in connection with its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and

expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

14. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

15. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Affidavit, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

## Notice

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; and (iii) the Debtors' prepetition *ad hoc* committee of unsecured creditors. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the twenty-five largest unsecured claims against the Debtors on a consolidated basis as identified in the Debtors' petitions, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of

Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: May 4, 2009

_____
Mark Shulman
President and Chairman of the Board of Directors of Filene's Basement, Inc.; President and Manager of FB Services LLC; Manager of FB Leasing Services LLC