IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (MFW) |
| | ) | |
| Debtors. | ) | |

**ORDER (A) APPROVING SALE PROCEDURES RELATING TO SALE OF ASSETS NOT INCLUDED IN THE CROWN SALE, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE; (C) APPROVING NOTICE OF RESPECTIVE DATES; TIMES AND PLACES FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE; (D) APPROVING FORM OF NOTICES; AND (E) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion of the Debtors for an Order (A) Approving Sale Procedures Relating to Sale of Assets Not Included in the Sale to Crown FB Acquisition LLC, (B) Approving Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (E) Granting Related Relief (the "Sale and Bid Procedures Motion")[2] filed by the captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Sale and Bid Procedures Motion and having heard the statements of counsel regarding the relief requested in the Sale and Bid Procedures with respect to the Sale

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Burlington, MA 01803.

[2] Unless otherwise noted, capitalized terms used herein have the meanings ascribed in the Sale and Bid Procedures Motion.

Procedures at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Sale and Bid Procedures Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Sale and Bid Procedures Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested is in the best interest of the Debtors and their estates, their creditors, and other parties in interest;

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The Sale and Bid Procedures Motion involve the proposed sale (the "Proposed Sale") of any or all commercial real property leases not associated with the Crown Sale; all inventory wherever located; all furniture, fixtures, and equipment (the "FF&E") other than the FF&E associated with the Crown Sale; and all executory contracts other than personal service agreements and other than those to be assumed and assigned in connection with the Crown Sale, and the assumption and assignment of certain executory contracts and unexpired leases effective upon the closing of the Proposed Sale (the "Assumed Agreements") associated with the foregoing (collectively, the "Purchased Assets"). The proposed form of the *Asset Purchase Agreement* (the "APA") is attached as Exhibit C to the Sale and Bid Procedures Motion.

B.  The Purchased Assets have been thoroughly marketed by the Debtors, and a prompt sale of the Purchased Assets is critical in order to maximize the value of the Purchased Assets.

C.   The Sale Procedures, annexed to this Procedures Order as <u>Exhibit A</u>, are fair, reasonable and appropriate and are designed to maximize the recovery on the Purchased Assets.

IT IS HEREBY ORDERED THAT:

1.   The Sale and Bid Procedures Motion with respect to approval of the Sale Procedures and related relief is hereby GRANTED AND APPROVED.

2.   The Sale Procedures attached hereto as <u>Exhibit A</u> are approved. The Sale Procedures are without prejudice to the right of any Bidder to participate in the Crown Sale and to bid for the assets that are the subject of the Crown Sale, provided that bidding for assets that are part of the Crown Sale will be governed by bid procedures as fixed by the Court in connection with the Crown Sale. In addition, the Sale Procedures are without prejudice to the Debtors' right to seek approval of the engagement of one or more retail inventory liquidation professionals prior to or in connection with the Sale Procedures and Sale Hearing.

3.   The hearing to consider the Sale and entry of an order approving the Sale of the Purchased Assets, including the assumption and assignment of the Assumed Agreements, shall be held on _____, 2009, at _____ before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom 4, Wilmington, Delaware 19801. The Deadline to object to the relief sought by the Motion with respect to the Sale is _____, 2009, at 4:00 p.m. Eastern Time.

28189-001\DOCS_DE:147743.3

4. The Notice of Auction and Sale Hearing, substantially in the form of Exhibit D to the Sale and Bid Procedures Motion, is hereby approved. The Debtors will serve a copy of the Notice of Auction and Sale Hearing on the Notice Parties as defined below.

5. The Cure Notice, substantially in the form of Exhibit E to the Sale and Bid Procedures Motion, is hereby approved. The Debtors will serve a copy of the Cure Notice on all non-Debtor parties to the Assumed Contracts.

6. To the extent not already provided, the Debtors shall provide the Notice of Auction and Sale Hearing, substantially in the form of Exhibit D to the Sale and Bid Procedures Motion, on the following parties: (a) the U.S. Trustee; (b) counsel to the official committee of unsecured creditors (the "Committee") or prior to the appointment of any Committee, the Debtors' twenty-five largest unsecured creditors (on a consolidated basis); (c) all parties known to be asserting a lien on any of the Debtors' assets; (d) all entities known to have expressed an interest in acquiring any of the Crown Assets or the Purchased Assets; (e) the United States Attorney's office; (f) all state attorneys general in states in which the Debtors do business; (g) various federal and state agencies and authorities asserting jurisdiction over the Crown Assets or the Purchased Assets, including the Internal Revenue Service; (h) counsel for Crown; (i) all of the Debtors' creditors; and (j) all other parties that have filed a notice of appearance and demand for service of papers in the Debtors' chapter 11 cases under Bankruptcy Rule 2002 as of the date of filing the Sale Notice (the "Notice Parties").

7. The Debtors shall file and serve, not less than ten business days prior to the Sale Hearing, a notice (the "Schedule") identifying the proposed Assumed Agreements as of that time. The Schedule will identify the amounts, if any, that the Debtors believe may be owed

4

to the counterparties to the Assumed Agreements (the "Cure Amounts"). The Schedule shall be without prejudice to the rights of the Debtors or any buyer to subsequently exclude any such Assumed Agreements from assumption and assignment, and exclude corresponding Cure Amounts, if any, at any time prior to the Sale Hearing.

8. Counterparties to the Assumed Agreements must file any objection to the proposed Cure Amount or the assumption and assignment of their Assumed Agreement no later than 4:00 p.m. (ET) three business days prior to the Sale Hearing. Any such objection must also be served on the following parties: (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn: Laura Davis Jones, Esq.; (ii) the Office of the United States Trustee, United States Trustee's Office, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq.; (iii) counsel for any official committee of unsecured creditors appointed in these cases. If no objection is timely received, and subject to entry of an Order by the Court at the Sale Hearing approving the Sale and proposed assumption and assignment of the Assumed Agreements upon closing of the Proposed Sale in connection therewith, the Cure Amount set forth in the Schedule shall be controlling notwithstanding anything to the contrary in such Assumed Agreements, and the non-Debtor parties to the Assumed Agreements shall be barred from asserting against the Debtors or the Successful Bidder(s) any other claim arising prior to the assumption and assignment of the Assumed Agreements. If an objection to the assumption and assignment is made, a hearing on such objection shall be held at the Sale Hearing. If an objection by the non-Debtor party is made only with respect to the Cure Amount, a hearing to fix the Cure Amount may be set for the first

hearing date available from the Court after the Sale Hearing, or as otherwise ordered by the Bankruptcy Court; and it is further.

9. The Debtors shall serve the Notice of Auction and Sale Hearing on the Notice Parties on or before _____, 2009, by first-class mail, postage prepaid; the Debtors shall serve the Cure Notice upon the counterparties to the Assumed Agreements on or before _____, 2009, by first-class mail, post-age prepaid. The Notice of Auction and Sale Hearing and the Cure Notice provide that any party that has not received a copy of the Sale and Bid Procedures Motion or the Procedures Order that wishes to obtain a copy of the Sale Motion or the Procedures Order, including all exhibits hereto, may make such a request in writing to Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) (Attn: Laura Davis Jones).

10. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order.

Dated: _____, 2009

                                                Honorable Mary F. Walrath
                                                United States Bankruptcy Judge