IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al., [1] | ) | Case No. 09-11525 (MFW) |
| | ) | |
| Debtors. | ) | **Related Docket No. __** |

## ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OF THE DEBTORS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF

Upon the Motion of the Debtors for an Order (A) Approving Sale Procedures Relating to Sale of Assets Not Included in the Sale to Crown FB Acquisition LLC, (B) Approving Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (E) Granting Related Relief (the "Non-Crown Sale and Procedures Motion"), of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order pursuant to sections 105, 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to, *inter alia*, (i) conduct an Auction[2] and enter into that certain APA, substantially in the form attached as Exhibit C to the Non-Crown Sale and Procedures Motion with the Successful Bidder(s) at the conclusion of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7224); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Burlington, MA 01803.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the APA.

Auction, (ii) sell the Purchased Assets free and clear of all liens, claims, encumbrances, and interests, with such sale to be in accordance with the terms and conditions of the APA; (iv) assume and assign to the Successful Bidder(s) the Assumed Agreements; and this Court having entered an order dated [_____], 2009 (the "Procedures Order") authorizing the Debtors to conduct, and approving the terms and conditions of, the Auction and Sale Procedures to consider higher or otherwise better offers for the Purchased Assets, establishing a date for the Auction, and approving, *inter alia*, (i) the Sale Procedures in connection with the Auction; (ii) the form and manner of notice of the Auction, the Sale Procedures, the Cure Notice, and the Sale Hearing; and the Court having established the date of the Sale Hearing; and the Auction having been conducted and the Debtors having determined that _____ was the Successful Bidder(s) (the "Buyer(s)") in connection with the form of APA attached hereto as Exhibit A; and the Court having jurisdiction to consider the Sale and Bid Procedures Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Sale and Bid Procedures Motion, the relief requested therein, and the responses thereto, if any, being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections, if any, to the Sale and Bid Procedures Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case, including the Sale and Bid Procedures Motion; and it appearing that the relief requested in the Sale and Bid Procedures Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

  A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

---

[3] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale and Bid Procedures Motion are hereby incorporated herein to the extent not inconsistent herewith.

B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The Court has jurisdiction over this matter and over the property of the Debtors, including the Purchased Assets to be sold, transferred or conveyed pursuant to the APA, and their respective estates pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases and the Sale and Bid Procedures Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The statutory predicates for the relief sought in the Sale and Bid Procedures Motion and the basis for the approvals and authorizations herein are (i) Bankruptcy Code sections 102, 105, 363, 365, 1123, 1141, and 1146, and (ii) Bankruptcy Rules 2002, 6004, 6006, and 9014.

E.    On May 4, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

F.    As evidenced by the affidavits of service filed with the Court, proper, timely, adequate, and sufficient notice of the Sale and Bid Procedures Motion, the Auction, and the Sale Hearing have been provided in accordance with Bankruptcy Code sections 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008, and 9014, the local rules of this Court, the procedural due process requirements of the United States Constitution, and in compliance with the Sale Procedures Order.  No other or further notice of the Sale and Bid Procedures Motion, the Auction, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

G.    A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (a) the U.S. Trustee; (b) counsel to the official committee of unsecured creditors (the "Committee") or prior

3

to the appointment of any Committee, the Debtors' twenty-five largest unsecured creditors (on a consolidated basis); (c) all parties known to be asserting a lien on any of the Debtors' assets; (d) all entities known to have expressed an interest in acquiring any of the Crown Assets or the Purchased Assets; (e) the United States Attorney's office; (f) all state attorneys general in states in which the Debtors do business; (g) various federal and state agencies and authorities asserting jurisdiction over the Crown Assets or the Purchased Assets, including the Internal Revenue Service; (h) counsel for Crown; (i) all of the Debtors' creditors; and (j) all other parties that have filed a notice of appearance and demand for service of papers in the Debtors' chapter 11 cases under Bankruptcy Rule 2002 as of the date of filing the Sale Notice. Other parties interested in bidding on the Purchased Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Assets.

H. The Debtors have demonstrated a sufficient basis and the existence of exigent circumstances for them to enter into the APA, and to sell the Purchased Assets under Bankruptcy Code sections 363, 1123, and 1141, and to assume and assign the Assumed Agreements under Bankruptcy Code section 365 effective upon the closing of a sale to the applicable Buyer(s), and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their estates, and their creditors.

I. The Sale Procedures set forth in the Procedures Order were non-collusive, substantively and procedurally fair to all parties, and were the result of arms length negotiations between the Debtors and the Buyer(s).

J. The Debtors and their professionals have complied, in good faith, in all respects with the Procedures Order. As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing through marketing efforts and a competitive sale process conducted in accordance with the Procedures Order, the Debtors (i) afforded interested potential purchasers a full, fair, and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase all of the Debtors' assets, and (ii) provided potential purchasers, upon

4

request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets.

K.      The Sale Procedures obtained the highest value for the Purchased Assets for the Debtors and their estates.

L.      The offer of the Buyer(s), upon the terms and conditions set forth in the APA, including the form and total consideration to be realized by the Debtors pursuant to the APA, (i) is the highest and best offer received by the Debtors; (ii) is fair and reasonable; (iii) is in the best interests of the Debtors' creditors and estates; (iv) constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets; and (v) will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other practically available alternative.

M.      The Buyer(s) is not an "insider" or "affiliate" of the Debtors as those terms are defined in the Bankruptcy Code. The Buyer(s) is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code sections 363(m) and (n) with respect to all of the Assets. The APA was negotiated and entered into in good faith, based upon arm's-length bargaining, and without collusion or fraud of any kind. Neither the Debtors nor the Buyer(s) has engaged in any conduct that would prevent the application of Bankruptcy Code section 363(m) or cause the application of or implicate Bankruptcy Code section 363(n) to the APA or to the consummation of the sale transaction and transfer of the Assets and Designated Contracts to the Buyer(s). The Buyer(s) is entitled to all the protections and immunities of Bankruptcy Code section 363(m).

N.      The Debtors have full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Assets has been duly and validly authorized by all necessary corporate authority by the Debtors to consummate the transactions contemplated by the APA. No consents or approvals, other than as may be expressly provided for in the APA, are required by the Debtors to consummate such transactions.

O.     The Debtors have advanced sound business reasons for seeking to enter into the APA and to sell and/or assume and sell and assign the Assets, as more fully set forth in the Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtors' business judgment to sell the Assets and to consummate the transactions contemplated by the APA. Notwithstanding any requirement for approval or consent by any person, the transfer of the Assets to the Buyer(s) is a legal, valid and effective transfer of the Assets.

P.     The terms and conditions of the APA, including the consideration to be realized by the Debtors pursuant to the APA, are fair and reasonable, and the transactions contemplated by the APA are in the best interests of the Debtors' estates.

Q.     Except as otherwise provided in the APA, the Purchased Assets shall be sold free and clear of all Liens, Claims, Encumbrances, and Interests, with such Liens, Claims, Encumbrances, and Interests to attach to the consideration to be received by the Debtors in the same priority and subject to the same defences and avoidability, if any, as before the Closing, and the Buyer(s) would not enter into the APA to purchase the Purchased Assets otherwise.

R.     The transfer of the Purchased Assets to the Buyer or Buyers will be a legal, valid, and effective transfer of the Purchased Assets, and, except as may otherwise be provided in the APA, shall vest the Buyer or Buyers with all right, title, and interest of the Debtors to the Purchased Assets free and clear of any and all Liens, Claims, Encumbrances, and Interests. Except as specifically provided in the APA or this Order, the Buyer(s) shall not assume or become liable for any Liens, Claims, Encumbrances, and Interests relating to the Purchased Assets being sold by the Debtors.

S.     The transfer of the Purchased Assets to the Buyer(s) free and clear of all Liens, Claims, Encumbrances, and Interests will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances, and Interests as all such Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever shall attach to the net proceeds of the sale of the Purchased Assets received by the Debtors in the order of their priority, with the same validity, force, and effect that they now have as against the Purchased Assets and subject to

6

any claims and defences the Debtors or other parties may possess with respect thereto. All persons having Liens, Claims, Encumbrances, or Interests of any kind or nature whatsoever against or in any of the Debtors or the Purchased Assets shall be forever barred estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances, or Interests against the Buyer(s), any of its assets, property, successors or assigns, or the Purchased Assets.

T.	The Debtors may sell the Purchased Assets free and clear of all Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f) has been satisfied. Those (i) holders of Liens, Claims, Encumbrances, and Interests and (ii) non-debtor parties, who did not object, or who withdrew their objections, to the sale of the Purchased Assets and the Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). All objections to the Motion have been resolved. Those holders of Liens, Claims, Encumbrances, and Interests who did object fall within one or more of the other subsections of Bankruptcy Code section 363(f) and are adequately protected by having their Liens, Claims, Encumbrances, and Interests, if any, attach to the proceeds of the sale of the Purchased Assets ultimately attributable to the property against or in which they claim or may claim any Claims, Encumbrances, and Interests, with such Claims, Encumbrances, and Interests being subject to treatment as prescribed in the any plan of liquidation proposed by the Debtors or by other, separate order of this Court.

U.	Not selling the Purchased Assets free and clear of all Liens, Claims, Interests, and Encumbrances would adversely impact the Debtors' estates, and the sale of Purchased Assets other than one free and clear of all Liens, Claims, Interests, and Encumbrances would be of substantially less value to the Debtors' estates.

V.	The Buyer(s) will be acting in good faith, pursuant to Bankruptcy Code section 363(m), in closing the transactions contemplated by the APA at any time on or after the entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h).

7

W.      The transactions contemplated under the APA do not amount to a consolidation, merger, or *de facto* merger of the Buyer(s) and the Debtors and/or the Debtors' estates, there is not substantial continuity between the Buyer(s) and the Debtors, there is no continuity of enterprise between the Debtors and the Buyer(s), the Buyer(s) is not a mere continuation of the Debtors or their estates, and the Buyer(s) does not constitute a successor to the Debtors or their estates.

X.      The sale of the Assets outside of a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors. The sale does not constitute a *sub rosa* chapter 11 plan.

Y.      The total consideration provided by the Buyer(s) for the Purchased Assets is the highest and best offer received by the Debtors, and the Purchase Price constitutes (a) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Assets.

Z.      Time is of the essence in consummating the Sale. In order to maximize the value of the Assets, it is essential that the Sale of the Assets occur within the time constraints set forth in the APA. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rule 6004.

AA.     The Buyer(s) shall have no obligations with respect to any liabilities of the Debtors other than the Assumed Liabilities and its obligations under the APA.

BB.     For purposes of section 363(b)(1) of the Bankruptcy Code, the Debtors have not, in connection with offering a product or service, disclosed to any individual a policy prohibiting the transfer of "personally identifiable information" (as defined in section 101(41A) of the Bankruptcy Code) about individuals to persons that are not affiliated with the Debtors.

CC.     The Debtors and/or the Buyer(s), as provided for under the APA, have cured, or have provided adequate assurance of cure of, any default existing prior to the Closing Date,

8

which is the effective date of assumption of the Assumed Agreement, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, under the Assumed Agreements, and have provided compensation or adequate assurance of compensation to any non-Debtor party to such contracts or leases for any of their actual pecuniary losses resulting from any default arising prior to the Closing Date under any such Assumed Agreements, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code (collectively, the "Cure Amounts").

DD.     As of the Closing Date each of the Assumed Contracts and Leases will be in full force and effect and enforceable against the non-Debtor party thereto.

EE.     On or before the Closing Date, the Debtors and/or the Buyer(s), as provided for under the APA, will pay in full all undisputed Cure Amounts and all Cure Amounts that each is obligated to pay under the terms of the APA and that have been determined by this Court pursuant to a Final Order as of the Closing Date. On the Closing Date, the Debtors will segregate an amount of the Sale Proceeds equal to the asserted amount of any disputed Cure Amounts that the Debtors are obligated to pay pursuant to the APA pending the resolution of any such dispute by this Court or mutual agreement of the parties. Any non-Debtor party to any Assumed Agreement who objected to the Cure Amounts (a "Cure Amount Objection") is protected by having such disputed portion of such Cure Amount segregated on or before the date on which such Assumed Agreement is assumed. Notwithstanding the foregoing, the Debtors, after consultation with the Committee, may elect to reject any Assumed Agreement previously designated as an Assumed Agreement within ten business days following entry of a Final Order determining the Cure Amount for such Assumed Agreement or execution of a written agreement between the Debtors, the Successful Bidder(s), and the non-Debtor party to such Assumed Agreement establishing such Cure Amount.

9

FF.     The Debtors and the applicable Buyer(s) have, to the extent necessary, satisfied the requirements of sections 365(b)(1) and 365(f) of the Bankruptcy Code in connection with the Sale and the assumption and assignment of the Assumed Agreement and shall upon assignment thereof on the Closing Date, be relieved from any liability for any breach thereof (other than the liability to pay Cure Amounts on or before the Closing or following the Closing, as applicable).

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The relief requested in the Sale and Bid Procedures Motion with respect to the Sale of the Purchased Assets, the assumption and assignment of the Assumed Agreements, and related matters is granted in its entirety, subject to the terms and conditions contained herein.

2.     All objections, responses, and requests for continuance concerning the Sale and Bid Procedures Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied.

3.     Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. § 102(1) and Bankruptcy Rules 2002, and 6004.

4.     The sale of the Purchased Assets, the terms and conditions of the APA (including all schedules and exhibits affixed thereto), the bid by the Buyer, the assumption and assignment of the Assumed Agreements effective upon the Closing of the Sale to the applicable Buyer(s) (except as otherwise set forth herein), and the transactions contemplated thereby be, and hereby are, authorized and approved in all respects.

5.     The sale of the Purchased Assets and the consideration provided by the Buyer(s) under the APA is fair and reasonable and shall be deemed for all purposes to constitute

10

a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6.    The Buyer(s) is hereby granted and is entitled to all of the protections provided to a good faith buyer under Bankruptcy Code section 363(m).

7.    Subject to the terms of the APA, the Debtors hereby are authorized to assume, perform under, consummate, and implement the terms of the APA together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the APA, this Order and sale of the Assets contemplated thereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Buyer(s) for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer(s), or reducing to possession any or all of the Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the APA, without any further corporate action or orders of this Court. The Buyer(s) shall have no obligation to proceed with the Closing of the Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived.

8.    The Debtors and each other person or entity having duties or responsibilities under the APA, any agreements related thereto or this Order, and their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the APA, to carry out all of the provisions of the APA and any related agreements; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the APA, and any related agreements; to take any and all actions contemplated by the APA, any related agreements or this Order; and

11

to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and reasonably necessary or appropriate to implement, effectuate, and consummate, the APA, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by their respective directors, officers, employees, members, agents, representatives, and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives, and attorneys of such entities. The secretary or any assistant secretary of the Debtors shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable). The Debtors are further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the APA, any related agreements and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

9.      Effective as of the Closing, (a) the sale of the Purchased Assets by the Debtors to the Buyer(s) shall constitute a legal, valid, and effective transfer of the Purchased

12

Assets notwithstanding any requirement for approval or consent by any person and shall vest Buyer(s) with all right, title, and interest of the Debtors in and to the Purchased Assets, free and clear of all Claims, Liens, Interests, and Encumbrances of any kind, pursuant to Bankruptcy Code section 363(f), and (b) the assumption of any Assumed Liabilities by the Buyer(s) shall constitute a legal, valid, and effective delegation of any Assumed Liabilities to the Buyer(s) and shall divest the Debtors of all liability with respect to any Assumed Liabilities.

10.     The sale of the Purchased Assets is not subject to avoidance pursuant to Bankruptcy Code section 363(n).

11.     Except to the extent specifically provided in the APA, upon the Closing, the Debtors shall be, and hereby are, authorized, and empowered, pursuant to Bankruptcy Code sections 105 and 363(b), to sell the Purchased Assets to the Buyer(s). The sale of the Purchased Assets shall vest the Buyer(s) with all right, title, and interest of the Debtors to the Purchased Assets free and clear of any and all Claims, Liens, Interests, and Encumbrances and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unified, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Claims, Liens, Interests, and Encumbrances to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Purchased Assets, subject to all claims and defences the Debtors may possess with respect thereto. Following the Closing Date, no holder of any Claims, Liens, Interests, and Encumbrances in the Assets shall interfere with the Buyer(s)'s use and enjoyment of the Purchased Assets based on or related to such Claims, Liens, Interests

13

and Encumbrances, or any actions that the Debtors may take in their chapter 11 cases and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the APA or this Order.

12.     The provisions of this Order authorizing the sale of the Purchased Assets free and clear of Liens, Claims, Encumbrances, and Interests, other than Assumed Liabilities, shall be self-executing, and neither the Debtors nor the Buyer(s) shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, subject to the terms of the APA the Debtors and the Buyer(s), and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Buyer(s) deem reasonably necessary or appropriate to implement and effectuate the terms of the APA and this Order. Moreover, effective as of the Closing, the Buyer(s), its successors and assigns, shall be designated and appointed the Debtors' true and lawful attorney and attorneys with respect to the Purchased Assets, with full power of substitution, in the Debtors' name and stead, on behalf and for the benefit of the Buyer(s), its successors and assigns, to demand and receive any and all of the Purchased Assets and to give receipts and releases for and in respect of the Purchased Assets, or any part thereof, and from time to time to institute and prosecute the Debtors' name, for the benefit of the Buyer(s), its successors and assigns, any and all proceedings at law, in equity or otherwise, which the Buyer(s), its successors and assigns, may deem proper for the collection or reduction to possession of any of the Purchased Assets, and to do all acts and things with respect to the Purchased Assets that the Buyer(s), its successors and assigns, shall deem reasonably

14

desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by the Debtors.

13.     Upon the Closing Date, the Debtors' creditors are authorized to execute such documents and take all other actions as may be necessary to release any Encumbrances of any kind against the Assets, as such Encumbrances may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens, Claims, Encumbrances ,or Interests in or against the Purchased Assets shall not have delivered to the Debtors prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances, or Interests that the person or entity has with respect to the Purchased Assets, the Debtors are hereby authorized to execute and file such statements, and empowered to perform under, all instruments, releases and other documents on behalf of the person or entity with respect to such Purchased Assets prior to the Closing, and the Buyer(s) is authorized to file such documents after Closing.

14.     To the greatest extent available under applicable law, the Buyer(s) shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer(s) as of the Closing Date.

15.     All of the Debtors' interests in the Purchased Assets to be acquired by the Buyer(s) under the APA shall be, as of the Closing Date and upon the occurrence of the Closing,

15

transferred to and vested in the Buyer(s). Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired by the Buyer(s) under the APA and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Purchased Assets to the Buyer(s).

16.    To the extent permitted by applicable law, except as expressly provided in the APA, the Buyer(s) is not assuming nor shall it or any affiliate of Buyer(s) be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtors in any way whatsoever relating to or arising from the Debtors' ownership or use of the Purchased Assets prior to the consummation of the transactions contemplated by the APA, or any liabilities calculable by reference to the Debtors or their operations or the Purchased Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the APA, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against Buyer(s) or any affiliate of the Buyer(s).

17.    Except as otherwise provided in the APA, upon the Closing, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Interests or Claims against the Purchased Assets, if any, as may have been recorded or may otherwise exist.

18.    Except as otherwise expressly provided in the APA, all persons or entities presently on or after the Closing in possession of some or all of the Assets are directed to surrender possession of the Purchased Assets to the Buyer(s) on the Closing Date, or at such time thereafter as the Buyer(s) may request.

16

19.     Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Order.

20.     The Buyer(s) has not assumed or is otherwise not obligated for any of the Debtors' liabilities other than the Assumed Liabilities as set forth in the APA, and the Buyer(s) has not purchased any of the Excluded Assets. Consequently, all persons, Governmental Units (as defined in Bankruptcy Code sections 101(27) and 101(41)) and all holders of Claims, Liens, Interests, or Encumbrances based upon or arising out of liabilities retained by the Debtors are hereby enjoined from taking any action against the Buyer(s) or the Purchased Assets to recover any Claims, Liens, Interests, or Encumbrances or on account of any liabilities of the Debtors other than Assumed Liabilities pursuant to the APA. All persons holding or asserting any Interest in the Excluded Assets are hereby enjoined from asserting or prosecuting such Claims, Liens, Interests, or Encumbrances or cause of action against the Buyer(s) or the Purchased Assets for any liability associated with the Excluded Assets.

21.     To the extent permitted under applicable law, the Buyer(s) is not a "successor" to the Debtors or their estates by reason of any theory of law or equity, and the Buyer(s) shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates including, but not limited to, any bulk sales law, successor liability or similar liability except as otherwise expressly provided in the APA. Except to the extent the Buyer(s) assumes the Assumed Liabilities pursuant to the APA, neither the purchase of the Purchased Assets by the Buyer(s) or its affiliates, nor the fact that the Buyer(s) or its affiliates are using any of the Purchased Assets previously operated by the Debtors, will cause the Buyer(s) or any of its affiliates to be deemed a successor in any respect to

17

the Debtors' businesses within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine. Buyer(s) and its affiliates shall have no liability or obligation under the WARN Act (29 U.S.C. §§ 210 et seq.) or the Comprehensive Environmental Response Compensation and Liability Act, or any foreign, federal, state or local labor, employment, or environmental law by virtue of the Buyer(s)'s purchase of the Purchased Assets.

22. Pursuant to Bankruptcy Code sections 105 and 363, all persons and entities, including, but not limited to, the Debtors, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien, Claim, Encumbrance, or Interest of any kind or nature whatsoever against, in or with respect to any of the Debtors or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Purchased Assets to the Buyer(s), shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Lien, Claim, Encumbrance or Interest against the Buyer(s) or any affiliate, successor or assign thereof and each of their respective current and former members, officers, directors, managed funds,

18

investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Purchased Assets.

23.     Subject to the terms of the APA, the APA and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Buyer(s), without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the APA and any related agreements.

24.     The failure specifically to include any particular provisions of the APA or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors, and the Buyer(s) that the APA and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

25.     The Debtors are hereby authorized, in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code, to (a) assume and assign to the applicable Buyer, effective upon the Closing Date (except as otherwise expressly set forth herein), the Assumed Agreements and/or to transfer, sell, and deliver to the Successful Bidder(s) all of Debtors' right, title and interest in and to the Assumed Agreements, free and clear of all Liens, Interests and Claims of any kind or nature whatsoever, and (b) execute and deliver to the Successful Bidder(s) such other documents or other instruments as may be necessary to assign and transfer the Assumed Agreements to the Successful Bidder(s).

26.     The requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code are hereby deemed satisfied with respect to the Assumed Agreements (subject to the "Cure Amount" procedures set forth herein).

19

27.     The Assumed Agreements shall be transferred to, and remain in full force and effect for the benefit of, the Buyer(s), without any default or event of default thereunder, notwithstanding any provision in any such Assumed Agreement (including provisions of the type described in sections 365(b)(2), (e)(1) and (f)(1) of the Bankruptcy Code) which prohibits, restricts or conditions such assignment or transfer.  The non-Debtor party to each Assumed Agreement shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Successful Bidder(s) shall enjoy all of the rights and benefits under each such Assumed Agreement as of the applicable Closing Date without the necessity of obtaining such non-Debtor party's written consent to the assumption and assignment thereof.

28.     The information provided by and about the applicable Buyer(s) is and shall be deemed to constitute "adequate assurance of future performance" under the Bankruptcy Code (including under section 365(f)(2)(B) thereof).

29.     Pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any liability for any breach of any Assumed Agreement after such assignment to and assumption by the Successful Bidder(s) on the Closing Date.

30.     All liquidated monetary defaults, claims or other obligations of the Debtors arising or accruing or relating to time periods under each Assumed Agreement prior to the assumption of such Assumed Agreement (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2)) shall be determined in accordance with the Procedures Order and any undisputed portion of such defaults, claims or other obligations shall be promptly cured and paid as provided for under the APA upon the Closing Date or, or as soon as practicable thereafter, for any disputed portion thereof, upon the later determination of the Cure Amount.

20

31.     Subject to the terms hereof with respect to the Cure Amounts, all defaults or other obligations of the Debtors under the Assumed Agreements arising or accruing prior to the Closing Date have been cured or shall promptly be cured by the Debtors or the Successful Bidder(s), as provided for under the APA, in accordance with the terms hereof such that the Successful Bidder(s) and its successors and assigns shall have no liability or obligation with respect to any default or obligation arising or accruing under any Assumed Agreement on or prior to the Closing Date.

32.     Upon assignment of the Assumed Agreements to the Successful Bidder(s) on the Closing Date, no default shall exist under any Assumed Agreement and no non-Debtor party to any Assumed Agreement shall be permitted to declare a default by the Successful Bidder(s) under such Assumed Agreement or otherwise take action against the Successful Bidder(s) as a result of any Debtors' financial condition, bankruptcy or failure to perform any of their obligations under the Assumed Agreements, including any failure to pay any amounts necessary to cure any Debtors' defaults thereunder. Upon entry of this Order and assumption and assignment of the Assumed Agreements in accordance with the terms hereof, the Successful Bidder(s) shall be deemed in compliance with all terms and provisions of the Assumed Agreements.

33.     Notwithstanding any other provision in this Order, upon assumption of the Assumed Agreements, the Successful Bidder(s) shall assume all liabilities arising under the Assumed Agreements that arise and accrue on and after the Closing Date.

34.     No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the sale and the transactions contemplated by the APA.

21

35.     To the extent any provisions of this Order conflict with the terms and conditions of the APA, this Order shall govern and control.

36.     Nothing in this Order shall alter or amend the APA and the obligations of the Debtors and Buyer(s) thereunder.

37.     This Order and APA shall be binding upon and govern the acts of all Persons and entities, including without limitation, the Debtors and the Buyer(s), their respective successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, all creditors of any Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.

38.     The provisions of this Order are non-severable and mutually dependent.

39.     Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in the Chapter 11 Cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the APA or the terms of this Order.

40.     Notwithstanding Bankruptcy Rules 6004, 6006, and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer(s) are free to close under the APA at any time, subject to the terms of the APA. In the absence of any person or entity obtaining a stay pending appeal, if the Debtors and the Buyer(s)

22

close under the APA, the Buyer(s) shall be deemed to be acting in "good faith" and shall be entitled to the protections of Bankruptcy Code section 363(m) as to all aspects of the transactions under and pursuant to the APA if this Order or any authorization contained herein is reversed or modified on appeal.

41.     Upon or promptly after the Closing Date, the net cash consideration received by the Debtors pursuant to the APA shall be paid directly to the Prepetition Agent for application (x) in satisfaction of the Prepetition Obligations in full in cash, and (y) to fund the Prepetition Indemnity Account.

42.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Procedures Order, and the APA in all respects and to decide any disputes concerning this Order, the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Purchased Assets free and clear of all Liens, Claims, Interests, and Encumbrances. To the extent there are any inconsistencies between the terms of this Order and the APA, the terms of this Order shall control.

Dated: _____, 2009

                                        _____
                                        Honorable Mary F. Walrath
                                        United States Bankruptcy Judge