# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FILENE'S BASEMENT, INC., et al.,[1] | ) | Case No. 09-11525 (MFW) |
| | ) | |
| Debtors. | ) | Re: Docket No. 7 |

## ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, authorizing them to retain, employ, and compensate certain professionals in the ordinary course of business without further order of the Court; the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances; the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Filene's Basement, Inc. (8237); FB Services LLC (7228); and FB Leasing Services LLC (7228). The address for all Debtors is 25 Corporate Drive, Burlington, MA 01803.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

# IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed on <u>Exhibit A</u> to the Motion, without the need to file separate, formal retention applications for each Ordinary Course Professional and obtain retention orders for each.

3. Within five business days after the date of entry of this Order, the Debtors shall serve this Order and the form of Declaration attached to the Motion as <u>Exhibit B</u> upon each Ordinary Course Professional.

4. On the later of (a) thirty days after entry of an order by this Court granting the Motion, or (b) prior to the date an Ordinary Course Professional provides any services to the Debtors following the Petition Date, each Ordinary Course Professional shall file with this Court, and serve upon the Notice Parties, a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached to the Motion as <u>Exhibit B</u>, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

00001-002\DOCS_DE:146769.9

5. The Notice Parties shall have ten days after service of each Ordinary Course Professional's Declaration (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional to whom the objection applies, the Debtors, and the Notice Parties. If any such objection is filed and cannot be resolved and/or withdrawn within twenty days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time. If no timely objection is filed and received, or if any objection is withdrawn, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of this Court. Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the date a Declaration is filed until such retention request is denied by the Court or withdrawn by the Debtors.

6. The Debtors may not make any payments to any Ordinary Course Professionals unless (i) the Ordinary Course Professional has filed the Declaration, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection is received, (a) the objection is resolved and withdrawn, or (b) such retention is otherwise approved by the Court.

7. The Debtors are authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit A to the Motion by filing with this Court, and serving on the Notice Parties, a Supplemental Notice

00001-002\DOCS_DE:146769.9

listing the name of the professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order.

8. The Debtors are authorized to pay to each Ordinary Course Professional listed on Exhibit A to the Motion, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (a) $20,000 per month per Ordinary Course Professional on a "rolling basis," such that an Ordinary Course Professional whose fees and disbursements are less than $20,000 in any month may be paid in subsequent months a total of $20,000 plus the difference between $20,000 and the amount billed in prior months; or (b) $80,000 per month, in the aggregate, for all Ordinary Course Professionals.

9. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

10. If in any given month the fees and expenses for any one Ordinary Course Professional listed on Exhibit A exceed $20,000 on a rolling basis, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $20,000 on a rolling basis in fees

4

and expenses, consistent with the immediately preceding paragraph, as a credit against the invoices for such month ultimately allowed by this Court.

11. All payments to any one Ordinary Course Professional shall be subject to 11 U.S.C. §§ 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estates with respect to the matter on which such professional person is employed or for reasons set forth in section 330. All payments to an Ordinary Course Professional are further subject to Federal Rules of Bankruptcy Procedures, the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware, and such procedures as may be approved by order of this Court for professionals involved in the conduct of these cases, if amounts requested by such Ordinary Course Professional exceed $20,000 on a rolling basis in fees and expenses during any one month, provided, however, that the Ordinary Course Professionals shall not be required to submit quarterly or final fee applications for any applications submitted solely because the foregoing limit is exceeded for a single month.

12. Within thirty days after the last day of March, June, September, and December of each year these Chapter 11 Cases are pending, the Debtors shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Processional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses

incurred by such Ordinary Course Professional during the statement period; and (c) a short statement of the type of services rendered by such Ordinary Course Professional.

13. The payment of amounts authorized pursuant to this Order shall be in accordance with the terms and limitations imposed by any interim or final order authorizing the Debtors to incur postpetition financing and/or authorizing the use of the cash collateral of their pre- or postpetition lenders, as well as any limitations imposed pursuant to any budget approved by any such interim or final orders.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: May 26, 2009

Honorable Mary F. Walrath
United States Bankruptcy Judge